**Andrew BYARS, Plaintiff-Appellant, Cross-Appellee,**

v.

**BLUFF CITY NEWS COMPANY, INC., Defendant-Appellee, Cross-Appellant.**

**Nos. 80–5425, 80–5426.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 2, 1982.

Decided July 14, 1982.

Martin W. Brown, Michael C. Williams, Memphis, Tenn., for plaintiff-appellant, cross-appellee.

Stephen H. Biller, Memphis, Tenn., for defendant-appellee, cross-appellant.

Before KEITH and JONES, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

Plaintiff-appellant, Andrew Byars ("Byars") filed a complaint against Bluff City News Company, Inc. ("Bluff City") in the United States District Court for the Western District of Tennessee. Byars alleged that Bluff City was a monopolist, and

that Bluff City violated the Sherman Anti-Trust Act, 15 U.S.C. § 1 *et seq.* ("Sherman Act") when it refused to do business with him.[1] Following a bench trial, the district court found for the defendant. A panel of this Court concluded that the record below was insufficient to determine whether Bluff City, if found to be a monopolist, had a duty to deal with Byars.[2] Accordingly, the action was remanded to the district court for further fact finding.

The district court was instructed to focus on the following: 1) "whether Bluff City can offset the inference of monopoly which accompanies its massive market share," i.e. over 90%; 2) whether business efficiency justified Bluff City's refusal to deal; 3) whether other business reasons justified the refusal to deal; 4) whether, and to what extent, Bluff City engaged in predatory "dirty tricks"; 5) the feasibility of an injunction ordering Bluff City to deal with Byars.

On remand, the court did not conduct an evidentiary hearing. Instead, the court allowed counsel to supplement the record of the original proceeding. The district court then found that Bluff City possessed monopoly power, but that its use of that power did not violate the Sherman Act.

### A. Monopoly Power

■ Monopoly power is "the power to control prices or exclude competition." *United States v. Grinnell,* 384 U.S. 563, 571, 86 S.Ct. 1698, 1704, 16 L.Ed.2d 778 (1966). Where, as here, an entity controls 90 per cent of the relevant market, a finding of monopoly power has been deemed conclusive. *See United States v. Aluminum Co. of America* ("ALCOA"), 148 F.2d 416 (2d Cir. 1945).

■ The district court found that Bluff City possessed monopoly power. The evidence on this record supports the district court's finding under either *Grinnell,* 384 U.S. 563, 86 S.Ct. 1698, 16 L.Ed.2d 778, or *Alcoa,* 148 F.2d 416. At all times pertinent to this action, Bluff City possessed at least 90 per cent of the relevant market. Prior to 1957, Bluff City established a legal monopoly as regional distributor of primary line periodicals in the Memphis and Shelby County, Tennessee area. *Byars v. Bluff City News Co., Inc.,* 609 F.2d 843 (6th Cir. 1979).

For a 14 year period ending in January, 1971, Bluff City distributed a portion of its primary periodicals through Byars.[3] In our earlier opinion we held that Byars was an independent contractor. *See Byars,* 609 F.2d at 847. Thus, even when Byars is considered a competing "independent contractor", Bluff City had in excess of 90 per cent of the market share. After January 1, 1971, Byars was unable to obtain primary line periodicals from either Bluff City or any other source. During this period, Bluff City controlled virtually 100% of the market.

While the district court's conclusion was inescapable, we find Bluff City's failure to adduce proof to the contrary on remand justifies the lower court's reliance on the

---

1. Plaintiffs also alleged various claims based on common-law unfair competition. Those claims, however, are not relevant to this appeal.

2. The facts underlying these protracted proceedings were set out in our initial review of this case. *See Byars v. Bluff City News Co., Inc.,* 609 F.2d 843 (6th Cir. 1979).

3. Early in 1957, Mr. S. I. Bernbaum, Bluff City's owner at that time, determined that a number of small outlets did not sell enough magazines to justify the cost of the regular pick up and deliveries by Bluff City's employees. Desiring not to lose their business altogether, Mr. Bernbaum arranged to have Mr. Howard Troyer service these small outlets. Pursuant to the new arrangement, Troyer would buy periodicals from Bluff City at ten per cent less than wholesale price and sell them to small retail outlets which Bernbaum preferred not to service in the regular manner.

Later in 1957, Troyer suggested that Byars join him in distributing magazines to the small retail outlets. A year later, Byars and Troyer separated their operations geographically. Troyer would buy periodicals at ten per cent less than wholesale and sell them to small retail outlets in a certain area of the Memphis-Shelby County region; Byars would do the same for the remaining areas.

In 1967 Troyer sold his accounts to Byars. From 1967 until 1971, Andrew Byars was the only person handling the small accounts.

strong presumption created by its overwhelming market share. *See Byars*, 609 F.2d at 849–853.

### B. Refusal to Deal

The district court reviewed the testimony of several Bluff City employees who allegedly had knowledge of the "dirty tricks" used against Byars. The court considered this evidence in light of contrary testimony introduced by Bluff City. Bluff City's contentions that both efficiency and business reasons relative to its relationship with the national distributors justified the refusal to deal were also considered. The Court concluded that Bluff City's conduct was fair competition. On this basis, the district court found that no abuse of Bluff City's monopoly power occurred.

There is little doubt that this Court may well have come to a different conclusion had we viewed de novo the evidence on the present record. Nevertheless, we are unable to conclude that the district court's weighing of the evidence in light of its judgment on credibility which underly its initial and supplemental findings compel a reversal. Accordingly, we affirm the decision of Judge Robert M. McRae, Jr. on the ground that Bluff City did not violate the Sherman Act, § 2.